| 35 | 461 |
| 44 | 1053 |

No. 8329.

FRANCES A. DONOVAN, WIFE OF A. M. SULLIVAN, ET AL. VS. THE CITY OF NEW ORLEANS.

A riparian owner expropriated; for purposes of public utility, of land fronting on a street, is not divested of his title to the batture in formation between the street and the water.

Batture property not necessary for public uses can be reduced to the private occupancy and absolute ownership of the proprietor.

APPEAL from the Civil District Court for the Parish of Orleans. Lazarus, J.

Thos. J. Semmes and T. Gilmore & Sons for Plaintiffs and Appellants:

1. The question of title as between the City and Donovan's heirs is settled in Municipality No. 2, for opening Roffignac street. 7 An. 76. That case is res adjudicata.

2. That case was one for widening the street; the right to recover the value of the batture then formed in front of Donovan's lot, with subsequent accretions, in case the City needed it for widening the street, was recognized and reserved.

3. Therefore, as said batture, by the advancing of the levee towards the river, has been

brought within the dominion of private property, it cannot be retained for widening of an existing street, without compensation. In this respect, this case differs from Sarpy in 13 An., where the batture was originally divided into streets and squares.

*C. F. Buck*, City Attorney, and *Wynne Rogers* for Defendant and Appellee:

1. In a suit by a "riparian owner" against the City of New Orleans for possession of "batture," instituted under authority of Section 318, R. S., the plaintiff must allege and prove that the "batture" is not necessary for "public use." The corporation must be presumed to hold for the use and benefit of the public, and this presumption must be rebutted by positive testimony.

2. The City of New Orleans has the right to hold and use, permanently, for "streets and highways," batture property formed in front of private estates, without compensating the front proprietor therefor. R. S., Section 318; Sarpy vs. Municipality, 13 An. 349.

3. The opening and laying out of a street, running towards the river bank, to the limit of property owned and held in private ownership, or, in other words, to the line of the batture along the river bank, which is *locus publicus*, is in itself a dedication of so much of the batture as constitutes the extension of the street and precludes the possibility or right of private possession to, such portion of the batture; especially where, as in the case at bar, the City acquired, by purchase, for consideration paid, private property necessary to carry the street to the line of the "batture."

The opinion of the Court was delivered by

BERMUDEZ, C. J. On the averment that they are, through their deceased father, the owners of the batture lot described in their petition, and on the allegation that the same is in the possession of the City of New Orleans, but is no longer necessary for public use, the plaintiffs pray that it be reduced to private occupancy.

The suit is brought under the provisions of the Act of 1853, No. 333, now 318 of the Revised Statutes of 1870.

The defense is a denegation of ownership in the plaintiffs and of the uselessness of the lot to the City for public service.

From a judgment adverse to them, the plaintiffs have appealed.

I.

John Donovan, in August, 1845, acquired, at a bankruptcy sale, lot No. 5 of square No. 5, forming the corner of Front and Roffignac streets, measuring 47 feet 11 inches and 4 lines on Front street, together with   *   *   "the right to all the batture and alluvion which may be formed in front of said lot, so far as the same shall be embraced by extending the collateral lines of said lot across Front street into the river Mississippi."

· In 1847, Municipality No. 2 brought proceedings for the widening of Roffignac street, from New Levee to Front street, and for the expropriation of this piece of land. The commissioners considered that the property consisted of two lots, one opposite the other, of equal front and width, between parallel lines, divided by Front street, and valued each, in their report, at six thousand dollars, $12,000 for both.

Donovan et al. vs. City.

On appeal, this Court thought that the use of the batture lot between the levee and the stream was in the public, the property or ownership being in the adjacent owner. In the apprehension that the batture lot might never be increased from what it then was, to any further extent, and might be diminished by some abrasion caused by the currents of the river, the Court refused to allow the six thousand dollars assessed as the value of the batture lot, leaving things, as far as regarded it, in *statu quo*.

The Court, however, said:

" If, by the municipal authority, the levee should be advanced towards the river, and the batture brought within the domain of private property, by the extinguishment of the public use, and its subjection, as to possession and use, to the will of the owner, and the space under consideration 'should be required for a street, undoubtedly, *the municipality would have to cause the owner to be indemnified for the property.* But, until this occurs, the use of the batture is in the public." 7 An. 76.

It is manifest from those *dicta* of the Court, that it clearly considered, and correctly, too, that the title of naked ownership to the batture lot was in the plaintiff who, in a contingency, could assert successfully rights of absolute ownership to it. The judgment may not be *res judicata*, because the question of title to the lot was not at stake. It was neither the *judicandum* nor the *judicatum*, but the views then expressed are surely good authority for the determination of the present controversy, which is between the same parties.

The theory apparently advanced, that the acquisition of the other lot by the City divested its owner of a right to the batture eventually to be formed, cannot obtain, for the very obvious reason, which it is unnecessary to develop, but which it suffices to indicate, namely, that Donovan's right to the batture, which had already formed and which was susceptible of increasing, was *not* expropriated when the other lot was.

There was at that time in existence a considerable portion of the' batture lot, the possession of which is now claimed, and even if there had been none, the hope, uncertain as it was judicially declared to be, but realized as it has since been, was property of which Donovan could not be and was not divested. The plaintiffs' title is, therefore, beyond doubt.

## II.

After the decision was rendered, Roffignac street was widened from 42 feet 7 inches and 4 lines to 90 feet, from Tchoupitoulas street to Front street, but no further. It continued beyond Front street to the river, in its original width, with the lot in question on its upper side.

The decree was rendered in 1852. At that time the lot was far from being what it has since become. The apprehensions of the Court respecting a diminution by abrasion have proved unfounded. The batture has increased about six hundred feet. The plaintiffs actually claim only that space which exists between Front and Water streets, measuring 300 feet on Roffignac street, with a uniform width of 47 feet 11 inches and 4 lines.

The evidence clearly shows that this lot is not necessary for the public use. The hypothetical testimony of one of the experts, that the City does not need the piece of property for public purposes, if the City is obliged to pay for it, but the contrary, if the City is not to pay for it, is frivolous and hardly deserves consideration. The witness concludes, however, by saying that the City does not need it for public purposes, but only for the symmetry of the street.

There is no necessity to review and question the rulings in the case of Sarpy, 13 An. 346. It is sufficient to say, that the plaintiffs there were asking the value of land taken for streets, which had been extended over their batture, where no streets had previously existed. In the present instance no street extends *over* the land claimed. The original street, more than 42 feet wide, extends *alongside* of the lot in question, and is ample for all actual public uses.

The ruling of the Court in the Winters case, 26 An. 310, is no foundation for the decision of the present controversy.

The dissimilarity is patent. In that case the plaintiff was not a riparian owner; in the present instance the plaintiffs are such.

In resting his decision on that case, the District Judge inadvertently overlooked the fact that plaintiffs' author formerly owned the expropriated lot, with the right of batture, and that after the divestiture they continued to own what existed and would exist of the land now claimed.

It is, therefore, ordered and decreed that the judgment appealed from be reversed; and it is now ordered, adjudged and decreed that there be judgment in favor of plaintiffs, recognizing them as entitled to private possession, occupancy and enjoyment of the batture lot in question, according to the prayer of their petition, and to costs in both Courts.